UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DONALD M. BIRD,

    Plaintiff,    CIV. S-05-2233 DFL PAN PS

  v.

ANN MARIE EVERSOLE, PRESIDENT,    ORDER
RANCHO TEHAMA ASSOCIATION,

    Defendant.

-o0o-

On November 4, 2005, plaintiff filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The application provides that plaintiff's only income is Supplemental Security Income and his only asset is a car worth $500. Plaintiff's affidavit demonstrates that because of poverty he cannot pay or give security for court costs and still be able to provide himself with the necessities of life. See Adkins v. E.I. Dupont de Nemours & Co., 335 U.S. 331, 339 (1948).

Accordingly, plaintiff's application to proceed in forma pauperis is granted.

However, a federal court must dismiss the complaint of a plaintiff proceeding, or seeking to proceed, in forma pauperis if at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B)(I), (ii), (iii); see also, Fed. R. Civ. P. 8(a) (requiring that a complaint contain a concise statement of the court's jurisdiction).

The complaint submitted by plaintiff, entitled "Petition for a Preventive Injunction," states initially (Petition, pp. 1-2):

> Before this declaration of Rights violation is proclaimed any further, the Petitioner admits he is unable to State a Claim at this time.  This is the reasoning of this Preventive Injunction.  Read Black's Law for its definition and I'll ask the Court to explain their version.  Now that we have this boiler plate excuse on the record for the benefit of the Court and "attorneys" let us move forward with the ripening of the Petition.

The complaint challenges a restriction contained in the Rancho Tehama Association's covenants, conditions and restrictions ("CC&Rs) prohibiting removal of trees exceeding three inches in diameter.  Plaintiff asserts the court has federal question jurisdiction based upon the Constitution, Bill of Rights, Seventh Amendment, civil rights statutes 42 U.S.C. §§ 1983, 1985 and 1986, and criminal statutes 18 U.S.C. §§ 241 and 242.  The complaint expressly challenges the October 20, 2005, findings and

1  recommendation of Magistrate Judge Gregory G. Hollows in <u>Donald
2  M. Bird. V. Ann Marie Eversole et al.</u>, Civ. S-05-1757 LKK GGH PS,
3  that plaintiff's complaint for injunctive relief to enforce the
4  Association's CC&Rs be dismissed with prejudice for lack of
5  subject matter jurisdiction.
6       While the pleadings of pro se litigants must be construed
7  liberally, <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), <u>Abassi v.
8  I.N.S.</u>, 305 F.3d 1028, 1032 (9th Cir. 2002), mere reference to
9  federal law does not create federal subject matter jurisdiction,
10 <u>Avitts v. Amoco Prod. Co.</u>, 53 F.3d 690, 694 (5th Cir. 1995).
11 Plaintiff has failed to demonstrate how defendant's tree removal
12 restriction states a federal cause of action.  Moreover,
13 plaintiff's near-duplicate filing against Ms. Eversole, as well
14 as his other filings in this court against multiple state and
15 federal officials (this is the ninth case plaintiff has filed in
16 this court since June 2001), indicate his complaint is both
17 frivolous and malicious.
18      I find therefore that plaintiff's failure to establish
19 this court's jurisdiction requires dismissal of his complaint for
20 failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)
21 (ii).
22      Plaintiff may serve and file, within twenty (20) days of
23 service of this order, an amended complaint that establishes this
24 court's jurisdiction and states a claim for which relief may be
25 ////
26 ////

granted.  Plaintiff's failure timely to comply with this order will result in a recommendation of dismissal.

So ordered.

Dated:  November 30, 2005.

                        /s/ Peter A. Nowinski
                        PETER A. NOWINSKI
                        Magistrate Judge